UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARATHON ASHLAND PETROLEUM, LLC,<br><br>Plaintiff,<br>vs.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02-1218C<br>(Chief Judge Damich) |

# JOINT PRELIMINARY STATUS REPORT

Pursuant to the Court's February 21, 2003 Order, Plaintiff Marathon Ashland Petroleum, LLC ("Marathon"), and Defendant, the United States, respectfully submit this Joint Preliminary Status Report. Pursuant to the Court's Order, the parties set forth below the principal factual and legal issues in this case:

## I. Factual and Legal Issues

A. Marathon states the principal issues as follows:

1. Did the government establish the price of fuel under Marathon's fuel contracts in violation of law and regulation thereby entitling Marathon to be paid based on the fair market value of the fuel it delivered.

2. Did the government establish the price of fuel under Marathon's fuel contracts in contravention of the purpose and intent of the parties thereby entitling Marathon to be paid based on the fair market value of the fuel it delivered.

3. What is the fair market value of the fuel Marathon delivered.

Marathon views the first issue as principally a question of law, the second issue as a mixed question of law and fact, and the third issue as principally a question of fact. Various legal theories are encompassed within the first and second issues, including, illegality,

misrepresentation, breach of contact, implied-in-fact contract, failure of consideration and purpose, mistake, and Fifth Amendment taking.

B. The Government states the principal issues as follows:

In view of what the Government understands and expects to be the undisputed facts of this case, defendant states that the following issues of law, and no issues of fact, are presented:

1. Whether *Barrett Refining Corp. v. United States*, 242 F.3d 1055 (Fed. Cir. 2001), compels a finding in favor of plaintiff ("Marathon Ashland").

2. Whether Marathon Ashland can establish that the contract clauses at issue are inconsistent with the Federal Acquisition Regulation ("FAR").

3. If the clauses are illegal, whether Marathon Ashland is entitled to a remedy despite an absence of any evidence that it suffered any harm as a result of any illegality.

4. Whether, by submitting offers and signing contracts containing the disputed clauses for five years, without objection or protest, plaintiff waived any benefits it allegedly might have received from a different type of pricing clause.

5. If Marathon Ashland is entitled to recovery in *quantum valebant*, whether that relief is correctly quantified in its certified claims.

Respectfully submitted,

s/ J. Keith Burt
J. Keith Burt
Mayer, Brown, Rowe & Maw
1909 K Street, N.W.
Washington, DC 20006
(202) 263-3208 (Phone)
(202) 263-5208 (Fax)

Attorneys for Plaintiff,
Marathon Ashland Petroleum, LLC

Dated: March 25, 2003

s/ Steven J. Gillingham
Steven J. Gillingham
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530
Tele: (202) 616-2311
Fax: (202) 353-7988

Attorneys for Defendant,
The United States

Dated: March 25, 2003

*Of Counsel*:

Lee H. Rubin
Nick S. Williams
Mayer, Brown, Rowe & Maw
1909 K Street, N.W.
Washington, DC 20006